UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Christian Cortes,<br><br>           Plaintiff,<br><br>v.<br><br>Copart Inc., et al.,<br><br>           Defendants. | Case No. 2:25-cv-01339-GMN-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 1). Plaintiff has submitted a complaint. (ECF No. 1-1). Plaintiff has also moved to file electronically. (ECF No. 3). Because the Court finds that Plaintiff's application is complete and demonstrates his inability to pay the filing fee, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not state a claim upon which relief can be granted, it dismisses his complaint with leave to amend. Because Plaintiff appears to have access to all the items that would allow him to file electronically, the Court grants his motion.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

As Plaintiff has been granted leave to proceed *in forma pauperis*, this Court will therefore screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the

"well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

In a seventeen page complaint and fifty-six-page exhibit,[1] Plaintiff accuses twenty defendants of violating the Racketeer Influence and Corrupt Organizations ("RICO") Act by engaging in a scheme to hide vehicle titles showing that a car has been in a serious accident in order to sell totaled and salvage vehicles at higher prices. The Court dismisses Plaintiff's complaint for two reasons. First, Plaintiff fails to establish RICO standing. Second, Plaintiff's complaint does not meet Federal Rule of Civil Procedure 8(a)'s "short and plain" requirement.

  **A.     *Standing.***

RICO provides a private right of action for "[a]ny person injured in his business or property" by a RICO violation. 18 U.S.C. § 1964(c); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1147-48 (9th Cir. 2008). 18 U.S.C. § 1962(a) prohibits a person who receives income derived from a pattern of racketeering activity from using or investing such income in an enterprise engaged in interstate commerce. *Sybersound*, 517 F.3d at 1148. 18 U.S.C. § 1962(b) prohibits a person from acquiring or maintaining control over a RICO enterprise. *See Marshall v. Goguen*, 604 F.Supp.3d 980, 1008 (D. Mont. 2022). 18 U.S.C. § 1962(c) prohibits a person employed by or associated with any enterprise engaged in interstate commerce from conducting or participating in the conduct of the enterprise through a pattern of racketeering activity.

---

[1] Plaintiff's exhibit is titled "Comprehensive Case Index," and is Plaintiff's "detailed overview of the entire case." (ECF No. 1-3). Much of the index consists of Plaintiff's "summaries" of certain exhibits. Plaintiff does not otherwise attach the exhibits he summarizes.

*Sybersound*, 517 F.3d at 1148. 18 U.S.C. § 1962(d) prohibits conspiring to violate 18 U.S.C. § 1962's subsections (a), (b), or (c). While civil RICO violations are defined under 18 U.S.C. § 1962, "RICO standing" is defined under 18 U.S.C. § 1964(c). To allege civil RICO standing under 18 U.S.C. § 1964(c), a "plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was 'by reason of' the RICO violation." *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008).

The United States Supreme Court has interpreted the phrase "by reason of" in 18 U.S.C. § 1964(c) to require both (1) proximate and (2) but-for causation. *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992). "[T]he proximate-cause requirement generally bars suits for alleged harm that is 'too remote' from the defendant's unlawful conduct." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014). It "demand[s] ... some direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268.

Here, Plaintiff has not shown that he has standing to bring his RICO claim. Plaintiff claims that his injuries include losing money "from purchasing fraudulently represented vehicles,"[2] loss of access to his Copart account, "business interruption," and "resulting emotional and reputational harm." (ECF No. 1-1 at 8). However, Plaintiff does not describe purchasing any vehicles or how the alleged scheme harmed him during that purchasing process or after. Plaintiff also does not describe his business[3] or how the alleged scheme harmed his business. Plaintiff also does not describe the "emotional and reputational harm" he experienced. The only injury Plaintiff describes in any detail is Defendant Dana Ring—Copart's Associate General Counsel—suspending Plaintiff's Copart account, which Plaintiff claimed prevented him from bidding on vehicles using Copart's platform. (ECF No. 1-3 at 26). However, this injury (being unable to

---

[2] Plaintiff does not identify these vehicles or any facts surrounding his purchase of these vehicles. While Plaintiff refers to two exhibits that he claims show the amount of money he lost, he does not attach those exhibits. (ECF No. 1-1 at 8). And while Plaintiff obliquely references a 2023 Nissan Rogue in his exhibit, Plaintiff includes no facts regarding his purchase of that vehicle. (ECF No. 1-3 at 24).

[3] Plaintiff claims to be an "insurance producer," but does not provide any facts about how his business operates.

access Copart's website) is too remote from the unlawful conduct Plaintiff alleges (a conspiracy to artificially inflate car prices). So, Plaintiff has not established standing to bring his RICO claims and the Court dismisses his complaint without prejudice and with leave to amend if he can allege this standing.

### B.  Rule 8(a)'s "short and plain" requirement.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation of the pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Jennings v. Entry*, 910 F.2d 1434, 1436 (7th Cir.1990) ("[A RICO complaint] must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of [understanding whether the plaintiff has alleged a valid claim and, if so, what it is]."); *see Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). In addition, the complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "[F]ormulaic recitation of the elements" of claims are insufficient to meet Rule 8(a). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, the "propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d 1179. Rule 8(d)(1)'s requirement that each allegation be "simple, concise, and direct," "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*[4]

Here, Plaintiff's complaint is neither short nor plain. Plaintiff's seventeen-page complaint and fifty-six-page exhibit often repeats allegations, many of which allegations are simply labels and conclusions that fail to explain the facts surrounding each Defendant's role in the alleged

---

[4] The *McHenry* court referred to the pre-2007 amendment version of Rule 8, in which version Rule 8(e) contained the "simple, concise, and direct" requirement. *McHenry*, 84 F.3d at 1179. However, the 2007 amendment was "part of the general restyling of the Civil Rules…[and was] intended to be stylistic only." Fed. R. Civ. P. 8, committee's note to 2007 amendment. So, the *McHenry* court's reasoning applies to the current Rule 8(d)(1).

conspiracy. Plaintiff also references each vehicle he believes was part of Defendant's scheme. But his lengthy description of discrepancies he found in those vehicles' titles, odometers, and public records does not demonstrate that Plaintiff is entitled to relief. Nor do Plaintiff's detailed summaries of the letters, emails, complaints, and "legal notices" he sent to Defendants and various state agencies regarding the alleged conspiracy and the letters, emails, and phone calls he received in return. Because Plaintiff's complaint does not provide a short and plain statement of the claim showing that Plaintiff is entitled to relief, the Court dismisses it without prejudice and with leave to amend.

### IV.     Plaintiff's motion to file electronically.

Plaintiff moves to file documents electronically. (ECF No. 3). Under Local Rule IC 2-1(b), a *pro se* litigant may request the court's authorization to register as a filer in a specific case. Plaintiff claims to have regular access to a computer, an email account, a scanner, and a printer and that he understands the rules and procedures governing electronic filing. Because the Court finds that Plaintiff is capable of filing electronically, it grants the motion. (ECF No. 3).

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summonses.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 2, 2025,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint

complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to file electronically (ECF No. 3) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff must: (1) obtain a PACER account; (2) be familiar with the Local Rules for the Electronic Filing procedures in the District of Nevada; and (3) complete the e-filing registration for the District of Nevada through Manage PACER Account. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: October 29, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE